IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN W. KLEIN, II, | : | CIVIL ACTION NO. 1:14-CV-1496 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 24th day of August, 2015, upon consideration of the report (Doc. 20) of Magistrate Judge Karoline Mehalchick, recommending the court vacate the decision of the administrative law judge ("ALJ") and remand this matter for further proceedings with respect to the application for disability insurance benefits of plaintiff John W. Klein, II, ("Klein"), wherein Judge Mehalchick concludes that the ALJ's decision is not supported by substantial evidence, see 42 U.S.C. § 405(g) (requiring the ALJ's findings to be "supported by substantial evidence"), and finds specifically that the ALJ's rejection of the opinion of Klein's treating physician is not supported by substantial evidence, and that the ALJ did not sufficiently explain her reasons for rejecting the limitations proposed by a nontreating internist, and wherein Judge Mehalchick recommends that the matter be remanded for a new administrative hearing, and it appearing that neither Klein nor the Commissioner of Social Security ("Commissioner") has objected to the report, and that the Commissioner expressly waived the opportunity to do so, (see Doc. 21), and it

further appearing that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 20) of Magistrate Judge Mehalchick is ADOPTED.

2. The Clerk of Court shall enter judgment in favor of John W. Klein, II, and against the Commissioner as set forth in the following paragraph.

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").

3. The Commissioner's decision denying the application for disability insurance benefits of John W. Klein, II, is VACATED. This matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, develop the record fully, and evaluate the evidence appropriately in accordance with this order and the report (Doc. 20) of Magistrate Judge Mehalchick.

4. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania