IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN W. KLEIN, II, | : | CIVIL ACTION NO. 1:14-CV-1496 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff John W. Klein, II ("Klein"), moves pursuant to the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412, for attorney fees incident to his successful

appeal of the decision of Carolyn W. Colvin, Acting Commissioner of Social Security

("Commissioner"), to deny his claim for disability insurance benefits.  (Doc. 24).

## I.  Factual Background & Procedural History

On June 16, 2011, Klein protectively filed an application for disability

insurance benefits, alleging disability beginning April 16, 2010.  (Tr. at 86-92).[1]

Klein cited a combination of several conditions as forming the basis of his disability,

to wit: pain in his left shoulder, left elbow, left wrist, neck, and back, resulting from

degenerative disc disease, degenerative joint disorder of the cervical, thoracic, and

---

[1] The court will cite to the administrative record (Doc. 14) as "Tr. at __,"
reflecting the specific Bates-stamped page number on the bottom right-hand corner
of each page of the record.  Citations to exhibits entered on the docket will reflect
the pagination assigned by the Electronic Case Filing system, whereas citations to
the parties' briefs will correspond to the documents' original word processing
pagination.

lumbar spine, left shoulder larval tear with impingement, and left cubital tunnel syndrome/status post cubital tunnel release.  (See id.)

Klein appeared and testified before an administrative law judge ("ALJ") on December 4, 2012.  (See id. at 36-56).  Klein described, *inter alia*, pain in his left arm, left shoulder, back, and neck for which he treats with a TENS machine three times daily, (see id. at 48-52), and an inability to bend, stand, or walk without triggering pain, (id. at 45).  Klein also testified to perceived functional limitations, explaining that he could sit for thirty to forty-five minutes before standing; stand for up to one hour before changing position; and walk up to one quarter mile before resting.  (See id. at 45-48).

The record before the ALJ also included a report from Klein's treating physician, Dr. Howard Baum ("Dr. Baum"), who opined that Klein could sit for up to one hour at a time, for a total of one hour per eight-hour work day; stand or walk for up to one hour at a time, for a total of one hour per eight-hour work day; lift or carry up to five pounds occasionally; never stoop, kneel, crouch, climb, or reach; never use hands for repetitive actions such as grasping, pushing, pulling, or fine manipulations; and never use feet for repetitive pushing or pulling.  (See id. at 219-24).  Non-treating internist Dr. Sethuraman Muthiah ("Dr. Muthiah") also opined that Klein would be limited in his ability to stand and walk at work.  (See id. at 180, 182).

In a written decision dated February 19, 2013, the ALJ denied Klein's application for disability insurance benefits.  (See id. at 22).  The ALJ determined

that the opinion evidence and Klein's testimony establish that Klein could engage

in "light work," except that Klein

> is not able to use his left nondominant upper extremity
> for pushing and/or pulling, but he has no limitation of the
> right upper extremity.  The claimant can occasionally
> climb, balance, and stoop.  He can never climb on ladders,
> ropes, and scaffolding.  The claimant can occasionally use
> his left nondominant upper extremity for reaching, but he
> cannot use the left nondominant extremity for overhead
> reaching.  He has no limitations to his right upper
> extremity for reaching or reaching overhead.  The
> claimant must avoid temperature extremes, humidity,
> vibration, and hazards.

(Id. at 15).  Light work by regulatory definition may include jobs which "require[] a

good deal of walking or standing."  20 C.F.R. § 404.1567(b).

In arriving at this determination, the ALJ assigned "little weight" to Dr.

Baum's opinion concerning Klein's limited ability to sit, stand, or walk, finding that

Dr. Baum did not explain his opinion "in terms of signs or laboratory findings."  (Tr.

at 20).  The ALJ accorded "some weight" to Dr. Muthiah's opinion that Klein could

engage in light work, but otherwise gave "little weight" to his opinion that Klein is

limited in his ability to walk or stand, again opining that the doctor failed to explain

his conclusion sufficiently.  (See id.)  The ALJ determined that Klein's limitations

prohibit him from engaging in his past work as a carpenter but he could engage in

other work in the national economy.  (Id. at 20-22).  Hence, the ALJ held that Klein

is "not disabled" and thus not entitled to disability insurance benefits.  (Id. at 22).

Klein appealed the ALJ's decision to the Appeals Council on February 23,

2013.  (Id. at 8).  On May 29, 2014, the Appeals Council denied Klein's request for

review.  (Id. at 1-5).  The Appeals Council's denial rendered the ALJ's decision the final agency decision.  (See id. at 1).

On July 30, 2014, Klein filed a complaint (Doc. 1) in the instant action to appeal the final administrative decision denying his application for disability insurance benefits pursuant to 42 U.S.C. § 1383(c)(3).  In a report (Doc. 20) issued July 31, 2015, Magistrate Judge Karoline Mehalchick recommended that the court remand Klein's application to the Commissioner for a new administrative hearing.  (See id. at 26).  Judge Mehalchick opined that the ALJ's decision to discount Dr. Baum's treating opinion and accord "little weight" to Dr. Muthiah's recommended standing and walking limitation was not supported by substantial evidence.  (Id. at 17-22).  The court adopted Judge Mehalchick's report, entered judgment in favor of Klein, and remanded the matter to the Commissioner on August 24, 2015.  (Docs. 22-23).  Thereafter, Klein filed the instant motion (Doc. 24) for attorney fees.  The motion is fully briefed (Docs. 30-31) and ripe for disposition.

## II.   **Legal Standard**

Under the EAJA, a court may award reasonable fees and other litigation expenses to a prevailing party unless the court determines that the United States' position "was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A plaintiff who obtains a judgment under sentence four of 42 U.S.C. § 405(g), including remand to the Commissioner for further development of the record, is deemed the prevailing party for purposes of

the EAJA. <u>See</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292, 301-02 (1993); <u>Kadelski v. Sullivan</u>, 30 F.3d 399, 401 n.2 (3d Cir. 1994).

The Supreme Court defines substantial justification to mean "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). To defeat a claim for attorney fees under the EAJA, the Commissioner bears the burden of establishing substantial justification. <u>Cruz v. Comm'r of Soc. Sec.</u>, 630 F.3d 321, 324 (3d Cir. 2010) (citing <u>Hanover Potato Prods., Inc. v. Shalala</u>, 989 F.2d 123, 128 (3d Cir. 1993)). The Commissioner must show that her position had a reasonable basis in both law and fact, and that a reasonable connection between the two existed. <u>Id.</u> (quoting <u>Morgan v. Perry</u>, 142 F.3d 670, 684 (3d Cir. 1998)). This standard applies to both the Commissioner's pre-litigation agency position in the final administrative decision and its litigation position on appeal. <u>See</u> <u>Williams v. Astrue</u>, 600 F.3d 299, 302 (3d Cir. 2009); <u>Taylor v. Heckler</u>, 835 F.2d 1037, 1040 (3d Cir. 1987).

A court cannot assume that the Commissioner's position lacked substantial justification because the Commissioner was unsuccessful on appeal. <u>See</u> <u>Williams</u>, 600 F.3d at 302 (quoting <u>Morgan</u>, 142 F.3d at 685). When the Commissioner argues an unsettled or close question of law or fact, the Commissioner will often be able to establish that her position was reasonable and therefore substantially justified. <u>See</u> <u>Washington v. Heckler</u>, 756 F.2d 959, 961-62 (3d Cir. 1985). In contrast, when the Commissioner's position "clearly offends established precedent," it cannot be substantially justified. <u>Washington</u>, 756 F.2d at 962.

5

## III.   <u>Discussion</u>

The Commissioner's opposition to Klein's fee request is twofold: *first*, the Commissioner asserts that her position on appeal was "substantially justified" such that Klein is not entitled to fees; *second*, the Commissioner argues that Klein's fee request is excessive and must be reduced.  The court will address each argument *seriatim.*

### A.   **Substantial Justification**

The court has little difficulty concluding that the Commissioner's defense of the ALJ's decision on appeal was not substantially justified.  It is axiomatic that the medical opinion of a treating physician generally is entitled to great weight.  <u>See Morales v. Apfel</u>, 225 F.3d 310, 317-18 (3d Cir. 2000) (quoting <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999)).  This presumption precludes an ALJ from rejecting a treating physician's opinion outright unless the opinion is contradicted by other medical evidence.  <u>Plummer</u>, 186 F.3d at 429 (citing <u>Newhouse v. Heckler</u>, 753 F.2d 283, 286 (3d Cir. 1985)).  Nonetheless, an ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  <u>Id.</u> (citing <u>Newhouse</u>, 753 F.2d at 286).

The ALJ's decision to reject limitations proposed by Drs. Baum and Muthiah was not supported by substantial evidence.  The ALJ concluded that neither doctor had identified "signs or laboratory findings" to support their opinion.  (<u>See</u> Tr. at 20).  As this court has already determined, that conclusion was plainly inconsistent with the record evidence which *did* describe such signs and laboratory findings.

6

(<u>See</u> Doc. 20 at 17-22).  The Commissioner does not dispute this point in its brief

opposing Klein's motion for attorney fees.  (<u>See</u> Doc. 30 at 5-6).  Hence, the court

finds that neither the Commissioner's agency position nor her defense thereof in

this litigation were substantially justified.  Klein is entitled to attorney fees under

the EAJA.

### B.      Reasonableness of Requested Fee

Having determined that Klein is entitled to recover attorney fees, the court

must measure the reasonableness of the fees requested.  Klein seeks $8,204.56 in

attorney fees as well as $65.39 in expenses.  (Doc. 24).  The Commissioner objects

to the requested award, contending: *first*, that the fees requested are greater than

the average EAJA award in this judicial district; *second*, that counsel and paralegals

cannot be compensated for clerical, administrative, or overhead tasks; *third*, that

time reportedly spent by Klein's counsel preparing Klein's principal brief in this

matter was excessive; and *fourth*, that time reportedly spent by Klein's counsel

preparing the instant fee petition was excessive.  The court will address the

Commissioner's arguments in turn.

At the outset, the court rejects the Commissioner's suggestion that the court

should reduce the requested fees to match the "average" fees awarded under the

EAJA within the Middle District of Pennsylvania.  (Doc. 30 at 8-9).  Courts within

this judicial district routinely reject this argument as nonstarter, observing that the

concept of "an 'average' Social Security case . . . is highly amorphous."  <u>Miller v.</u>

<u>Colvin</u>, No. 3:15-CV-501, 2016 WL 727180, at *1 (M.D. Pa. Feb. 19, 2016); <u>see</u> <u>also</u>

Norton v. Colvin, No. 3:15-CV-701, 2016 WL 901293, at *1 (M.D. Pa. Mar. 3, 2016). This court agrees that an EAJA assessment requires measurement of the requested fees against the efforts reasonably expended by counsel on an individualized basis. Hence, the court rejects the Commissioner's request to reduce the requested fees to the purported district-wide average of $4,435.90.

The court turns next to the Commissioner's argument that Klein's requested fees include clerical and overhead tasks which are not compensable. Specifically, the Commissioner requests that the court disallow or reduce compensation for the following tasks performed by attorneys: filing the complaint; preparing a notice of appearance; preparing, and reviewing court approval of, a *pro hac vice* petition, as well as reviewing a docket annotation concerning said petition; preparing service packets; finalizing writing, editing, and filing Klein's principal brief; finalizing and filing Klein's reply brief; reviewing the Commissioner's letter waiving objections to Judge Mehalchick's report; and reviewing the court's ultimate order and judgment. (Doc. 30 at 13).

Courts regularly disallow attorney fees for administrative and clerical tasks which could otherwise be performed by support staff, including, *inter alia*, filing documents, preparing service packets, and completing or reviewing *pro hac vice* paperwork. See Miller, 2016 WL 727180, at *1-2 (citing Debose v. Apfel, No. 98-2096, 2000 WL 298927, at *3 (E.D. Pa. Mar. 15, 2000)); Laniewski v. Comm'r of Soc. Sec., No. 3:14-CV-1594, 2016 WL 631161, at *2 (M.D. Pa. Feb. 16, 2016); Burton v. Colvin, No. 3:14CV457, 2015 WL 350386, at *1 (N.D. Ohio Jan. 26, 2015). The court will thus

disallow Klein's requested fees for filing and serving the complaint and for tasks and costs attending counsel's *pro hac vice* petition and notice of appearance.  In addition, because counsel does not distinguish between time spent finalizing briefs and time spent filing them, the court will reduce by 0.20 hours each the entries for "finalize Brief writing, edit and File" and "Finalize and File Reply Brief."[2]  (See Doc. 25-3 at 2).  The court finds that counsel's review of the Commissioner's waiver letter and the court's order and judgment are tasks central to representation of the client and will allow recovery of fees for these efforts.  As a result of these findings, the court will reduce the requested attorney fees by 2.00 hours.

The Commissioner also requests that the court disallow or reduce fees for certain tasks performed by paralegals, to wit: receipt, review, and processing of files; referral source correspondence; review of Klein's debt status; preparation and review of Klein's client packet for completion; downloading and saving the administrative transcript; bookmarking the transcript for review by an attorney; and drafting and mailing correspondence to Klein and the referral source with a "copy of submitted [b]rief."  (Doc. 30 at 14-15).  The Commissioner further asks the court to disallow costs for the unexplained tasks of "Create Lead Attorney 1695- file with SSA for EAJA" and "Federal Court – Letter to DO submitting 1695 (Referral)."  (Id.)

---

[2] Klein's counsel reportedly spent 0.20 hours filing the complaint in this case.  (See Doc. 25-3 at 2).  Hence, the court infers that counsel spent the same amount of time filing both the principal and reply brief.

Time spent corresponding with referral sources is noncompensable under the EAJA whether accomplished by attorneys or support staff as such endeavors do not further the client's extant cause.  See Miller, 2016 WL 727180, at *2.  Further, this court has held that debt status checks are "unrelated to the underlying Social Security Disability claim and, hence, not compensable."  Id.  Consequently, the court will disallow fees for each of these categories of tasks, except the court will authorize recoupment of fees for correspondence sent to both the referral source *and* Klein providing a copy of a filed brief.  The court cannot decipher the entries regarding a "1695" file and will thus strike requested fees for these tasks as well. (Doc. 25-3 at 4).

The court finds that the balance of the enumerated paralegal tasks challenged by the Commissioner were undertaken in furtherance of Klein's cause. Moreover, these tasks were appropriately assigned to a paralegal rather than to an attorney with the aim of rendering counsel's representation both efficient and cost-effective.  Cf. Norton, 2016 WL 901293, at *3 (citing Miller, 2016 WL 727180, at *2). The court will thus allow compensation for paralegal time spent processing and reviewing Klein's file; preparing and reviewing his client packet; and downloading, saving, and bookmarking the transcript for attorney review.  In sum, the court will reduce requested paralegal fees from 8.50 hours to 7.40 hours, reflecting a reduction of 1.10 hours for noncompensable tasks.

The Commissioner next suggests that the amount of time spent preparing Klein's fifteen page principal brief—22.50 hours *in toto*—is unreasonable.  (See Doc.

30 at 15-19).  Per Klein's submitted client ledger, it appears that Attorney Paul B. Eaglin spent 0.50 hours preliminarily reviewing the administrative transcript and assigning the matter to Attorney Nathaniel Riley, whereupon the latter spent 8.10 hours further reviewing the transcript and 9.30 hours drafting Klein's brief.  (Doc. 25-3 at 2).  The Commissioner argues that experienced counsel such as Klein's could reasonably review the 262-page administrative transcript in this matter within 3.60 hours.  (See Doc. 30 at 16).  The Commissioner further argues that the issues raised in Klein's appeal are among the most frequently litigated in federal court and that Klein's brief *sub judice* closely tracked filings by his counsel in similarly-situated Social Security cases.  (See id. at 16-19).

This court has previously reduced requested attorney fees where the amount of time spent drafting the plaintiff's principal brief is disproportionate to the volume of the administrative record or the substance of the submitted brief.  In Laniewski, for example, the court reduced the requested fee for brief preparation from 24.20 hours to 16.00 hours when the administrative record comprised only 369 pages.  See Laniewski, 2016 WL 631161, at *2.  In Miller, the court reduced a fee from 32.60 hours to 20.00 hours for review of a 672-page record and production of a standard brief.  See Miller, 2016 WL 727180, at *2.  *Per contra*, in Norton, the court authorized fees for 34.55 hours billed to review a 3,074 page record and produce a 43-page brief.  Norton, 2016 WL 901293, at *2-3.

Against this backdrop, the court agrees with the Commissioner that the fee requested by Klein's counsel must be reduced in proportion to the volume of the

record and the substantive complexity of the litigation.  The court determines that an attorney with the experience of Klein's counsel could have reviewed the modest record in this case in 7.00 hours, rather than the requested 8.60 hours.  Further, having reviewed the subject brief, the court finds that counsel could have produced the submission in 8.00 hours rather than 9.30 hours.  The court will deduct 2.90 hours from Klein's requested fee award.

Lastly, the Commissioner objects to the requested fee for preparation of the instant motion.  Klein's counsel reports that a paralegal spent 2.50 hours preparing the instant fee request and supporting documentation and that an attorney spent 1.30 hours reviewing same.  The court finds this amount of time to be reasonable.  Cf. Miller, 2016 WL 727180, at *2.

### C.      Fee Calculation

The court will reduce the requested attorney fees from 37.60 hours to 32.70 hours and the requested paralegal fees from 8.50 hours to 7.40 hours.  The statutory hourly attorney fee is $125.00, but courts may increase the statutory fee to reflect cost of living adjustments.  See 28 U.S.C. § 2412(d)(2)(A); see also Dewalt v. Sullian, 963 F.2d 27, 30 (3d Cir. 1992).  Such adjustments are determined by application of the consumer price index.  See Dewalt, 963 F.2d at 30.  Applying the index to this case, the court determines that an hourly attorney rate of $193.90 is appropriate.[3] Per the agreement of the parties, paralegal time will be billed at a rate of $100 per

---

[3] Klein suggests that application of the price index results in an hourly rate of $195.60.  (See Doc. 25-1 at 1).  The court's independent calculation confirms that the price index instead results in an hourly rate of $193.90.

hour.  (See Doc. 25 ¶ 7; Doc. 30 at 21).  Regarding Klein's request for costs, the court disallows costs associated with the *pro hac vice* petition of Klein's counsel, reducing the requested costs from $65.39 to $15.39.  (See Doc. 25-4 at 1).  Therefore, the court will award $6,340.53 in attorney fees, $740 in paralegal fees, and $15.39 in costs to Klein in accordance with the EAJA.

**IV.**   **Conclusion**

The court will grant Klein's motion (Doc. 25) for attorney fees but will reduce the amount of the requested fees as stated hereinabove.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      July 8, 2016